L. Randall Bishop
Bishop & Heenan
3970 Ave. D, Ste A
Billings, MT 59102
Telephone: (406) 245-7555
Facsimile: (406) 839-9092
Email: randy@bishopandheenan.com

Attorneys for Plaintiff

CLERK OF THE
DISTRICT COURT

2012 JUN 18 PM 4 44

FILED

FILED

JUL 27 2012

PATRICK E. DUFFY  CLERK
BY_____
         Deputy Clerk
U.S. DISTRICT COURT
BILLINGS DIVISION

MONTANA THIRTEENTH JUDICIAL DISTRICT COURT, YELLOWSTONE COUNTY

LOUISE KING, individually, and as )
Personal Representative of the Estate of ) Cause No. DV D V - 1 2 - 0 7 3 7
Timothy King, )
                                         ) JUDGE: INGRID GUSTAFSON
            Plaintiff, )
                                         )
vs. )
                                         )
                                         ) **COMPLAINT**
GEICO INSURANCE COMPANY, ) **AND JURY DEMAND**
                                         )
                                         )
            Defendant. )  120/66295

Plaintiff's complaint states:

1.  Defendant GEICO Insurance Company (hereafter "GEICO") is an insurer authorized to do business, and doing business, in the State of Montana, at all times relevant to this civil action.

2.  Effective May 5, 2009, GEICO issued its Policy No. 4163-66-55-67, a motor vehicle liability policy providing insurance coverage, including underinsured motorist (UIM) coverage upon two separate motorcycles, to Timothy King and additional

IMAGED

"covered persons." (A true and correct copy of Policy No. 4163-66-55-67 (Policy) is attached to this Complaint as Exhibit 1).

3. Pursuant to this insurance Policy, and in return for premiums timely paid, GEICO provided UIM coverage limits of $50,000 per person and $100,000 per occurrence, subject to the following plain language that promised,

> We will pay damages which a *covered person* is legally entitled to recover from the owner or operator of an [*underinsured*] *motor vehicle* because of bodily injury sustained by a *covered person* and caused by an accident.
>
> *Covered person*, as used in this part means:
>
> 1. *You*, any *family member* or any other person *occupying your covered cycle*.
>
> 2. Any person who is entitled to recover damages because of bodily injury sustained by a person described in 1 above.

4. On August 27, 2011, while Policy No. 4163-66-55-67 was in full force and effect, an unlicensed driver impaired by drugs and alcohol abruptly and without warning crossed the centerline into Timothy King's lane of travel on Highway 310 in Carbon County, Montana, causing a head-on collision with the covered motorcycle King was occupying at the time. Timothy King died as a result of the collision.

5. The driver who caused the head-on collision that injured and killed Timothy King was an underinsured driver within the meaning of Montana law. Accordingly, Timothy King's widow, Louise King, requested payment of all UIM benefits under the Policy.

6. GEICO did not respond to Mrs. King's request for payment of UIM benefits in a timely manner.

7. On January 10, 2012, Mrs. King wrote to GEICO, "to ask that we expedite the completion of this case." Exhibit 2, attached.

8.  GEICO again did not respond to Mrs. King's request in a timely manner. Finally, on February 20, 2012, it informed Mrs. King by telephone that, even though it knew a UIM payment of at least $100,000 was owed, it refused to pay her any amount of money unless and until she agreed to release and abandon all of her remaining claims for additional UIM coverage under the Policy.

9.  In a followup telephone call on February 29, 2012, GEICO again refused to pay UIM benefits admittedly due unless Louise King abandoned her right to make additional claims for UIM benefits. Mrs. King confirmed GEICO's statements in a letter sent the same day, writing,

> This follows our telephone of today, during which you stated once again that GEICO admits it owes me $100,000 for UM/UIM coverage under the above-referenced motorcycle policy. This further confirms that I asked GEICO to promptly send its check in this amount and stated that I would give GEICO a signed acknowledgment of receipt of payment, but you made it clear to me that GEICO refuses to do so. Specifically, you stated that GEICO refuses to send the money admittedly due to me unless I sign a release of all claims under the policy. * * *

See Exhibit 3, attached.

10.  In response to Mrs. King's letter, GEICO sent an email on March 12, 2012, in which it suddenly took the position, "we need legal documentation to speak to if you are the personal representative over the estate of Timothy King . . . ."

11.  Also in its email of March 12, 2012, GEICO documented its refusal to pay UIM benefits due: "As far as a release being obtained, we do feel we have a right to ask for one . . . ."  See Exhibit 4, attached.

12.  On March 15, 2012, Mrs. King acknowledged receipt of its March 12, 2012, email, providing GEICO with a copy of the Court's Letters identifying her as Personal

Representative of Timothy King's estate and stating, "I would like to know whether or not GEICO will pay the $100,000 admittedly due to me without a release. I anticipate an answer to this question." See Exhibit 5, attached.

13. GEICO ignored Mrs. King's straightforward question until April 20, 2012, when its claim handling agent admitted, "[i]nitially, GEICO apparently indicated that it needed a full release of any and all claims that you might make as a result of Mr. King's death." Exhibit 6, attached.

14. In his April 20, 2012, letter, GEICO knowingly disregarded the plain language of the insurance Policy's UIM coverage provisions that obligated GEICO to pay all "damages which a *covered person* is legally entitled to recover" and knowingly misrepresented pertinent insurance Policy provisions relating to coverages at issue, when he wrote to Mrs. King, "[y]ou, individually, are entitled to reserve your own *bodily injury claim* and to assert that claim if you believe it exists." See Exhibit 6, (emphasis added).

15. Along with their April 20, 2012, letter, GEICO presented, " . . . the release that will need to be signed," expressly insisting that Mrs. King would be "free to cash the settlement check" only "[a]fter signing and returning the release . . . ." See Exhibit 6.

16. In their April 20, 2012, letter, GEICO further mislead Mrs. King with false assurances that the release they insisted she sign was drafted in a manner intended to preserve all of her claims for damages under the Policy's UIM coverage, when the release did not do so at all. In fact, the release defendants insisted Mrs. King must sign to obtain $100,000 of UIM coverage admittedly owed was intended to rewrite and substantially narrow the Policy's UIM coverage so that only claims for "bodily injury"

4

were reserved, instead of the much broader right to claim UIM payments for "damages." See Exhibit 6 and Exhibit 7 (Release, attached).

17. In addition to wrongfully refusing to pay $100,000 admittedly due, Defendants' conduct has caused Louise King humiliation, embarrassment, fear, anger, disappointment and worry, aggravated her grief over the loss of her husband, Timothy, and required her to retain legal counsel and undertake the obligation to incur attorney fees and costs simply in order to preserve her rights and obtain UIM benefits she has always been entitled to receive.

## COUNT ONE
### (Declaratory Relief)

18. The allegations of paragraphs 1 through 17, are hereby incorporated in Count One of this Complaint as though expressly set forth.

19. This Complaint seeks declaratory relief pursuant to Sec. 27-8-201, et seq. M.C.A., because an actual controversy exists and the plaintiff needs this Court's declaration of his rights, status and legal relations with respect to defendant pursuant to GEICO Policy No. 4163-66-55-67.

20. GEICO has unlawfully refused to pay UIM benefits due to Plaintiff, both individually, and as Personal Representative of the Estate of Timothy King, without initiating any court action seeking a declaration of its rights and obligations with respect to Plaintiff under said policy.

## COUNT TWO
### (Breach of Contract)

21. The allegations of paragraphs 1 through 17, above, are hereby incorporated in Count Two of this Complaint as though expressly set forth.

22. Defendant has wrongfully refused to pay UIM benefits due to Plaintiff, both individually, and as Personal Representative of the Estate of Timothy King, causing Plaintiff detriment in an amount to be established at trial, including consequential and incidental harm and loss, attorney fees, costs and prejudgment interest.

## COUNT THREE
### (Unfair Trade Practices)

23. The allegations of paragraph 1 through 17, are hereby incorporated in Count Three of this Complaint as though expressly set forth.

24. At all times relevant to this Complaint, GEICO had the duty to understand and apply the terms of its insurance policies in accordance with, and as required by, well-established principles applicable to the insurance industry. Specifically, GEICO knew it must pay policy benefits in accordance with the plain language and requirements of its insurance policies.

25. GEICO also had the duty to handle claims arising under its UIM policies in accordance with standards applicable to the insurance industry and made mandatory by Montana's Unfair Trade Practices Act, Section 33-18-201, M.C.A., pursuant to which it is unlawful and a prohibited practice to:

    (1) misrepresent pertinent facts or insurance policy provisions relating to coverages at issue;

(2) fail to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

(3) fail to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

(4) refuse to pay claims without conducting a reasonable investigation based upon all available information;

(5) fail to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;

(6) neglect to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;

(7) compel insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by the insureds;

(8) attempt to settle a claim for less than the amount to which a reasonable person would have believed the person was entitled by reference to written or printed advertising material accompanying or made part of an application;

(9) attempt to settle claims on the basis of an application that was altered without notice to or knowledge or consent of the insured;

(10) make claims payments to insureds or beneficiaries not accompanied by statements setting forth the coverage under which the payments are being made;

(11) make known to insureds or claimants a policy of appealing from arbitration awards in favor of insureds or claimants for the purpose of compelling them to accept settlements or compromises less than the amount awarded in arbitration;

(12) delay the investigation or payment of claims by requiring an insured, claimant, or physician of either to submit a preliminary claim report and then requiring the subsequent submission of formal proof of loss forms, both of which submissions contain substantially the same information;

(13) fail to promptly settle claims, if liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage; or

(14) fail to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

26.   GEICO has violated subparagraphs (1), (4), (5), (6), (9) and (13) of the Montana Unfair Trade Practices Act, Section 33-18-201, M.C.A. [MUTPA], causing Plaintiff to suffer injury, harm and loss, giving rise to a general tort action in favor of Plaintiff pursuant to Section 33-18-242, M.C.A.

27.   GEICO's actions were and continue to be unlawful, intentional, purposeful and knowingly calculated to enhance its profit at Plaintiff's expense in conscious disregard of the certainty that Plaintiff would suffer injury as a result. This conduct on the part of Defendant clearly and convincingly demonstrates reprehensible conduct and justifies assessment of punitive damages against Defendant for the harm caused to Plaintiff in accordance with the strict procedural and substantive protections afforded by Montana law.

**WHEREFORE**, Plaintiff respectfully prays for Judgment:

1.  Declaring Plaintiff's rights under GEICO Policy No. 4163-66-55-67, and requiring Defendant to pay all UIM benefits due in accordance with the provisions of said policy;

2.  Requiring Defendant to pay an amount of money sufficient to make up for the harm Defendant has caused to Plaintiff, including prejudgment interest and emotional distress;

3.  Requiring Defendant to pay Plaintiff's attorney fees and costs to the full extent permitted by Montana law;

4.  Assessing punitive damages against Defendant sufficient in amount to punish GEICO for the harm it has caused to Plaintiff through its wrongful conduct and deter similar wrongful acts on the part of GEICO now and forever in the future; and

5.  For interest and such other and further relief as the Court may deem appropriate under the circumstances.

DATED this 18th day of June, 2012.

BISHOP & HEENAN

By: _____
L. Randall Bishop

**PLAINTIFF DEMANDS TRIAL BY JURY**